# Court of Appeals
# of the State of Georgia

ATLANTA,    June 28, 2013

*The Court of Appeals hereby passes the following order:*

**A13I0257.  JERRY LARRY COLLIER v. THE STATE.**

On May 29, 2013, the trial court denied Jerry Collier's motion to suppress evidence in a criminal case against him.  Two days later on May 31, 2013, Collier filed a motion for a certificate of immediate review.  On June 3, 2013, Collier filed this application for interlocutory review, which does not include a certificate of immediate review.

An order denying a motion to suppress is an interlocutory order.  Thus, in order to obtain appellate review, Collier was required to follow the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b) by, among other things, obtaining a timely certificate of immediate review.  Although Collier requested a certificate of immediate review, his application does not include the required certificate.[1]  Accordingly, we lack jurisdiction to consider this application, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, 06/28/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[1] The Supreme Court has crafted a very limited exception to the requirement of a certificate where the actions of the trial court have the effect of precluding appellate review of a substantive issue.  See *Waldrip v. Head*, 272 Ga. 572, 575 (1) (532 SE2d 380) (2000).  This does not appear to be one of the rare cases in which ignoring the certificate requirement is warranted.